UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                         )
LANCE THOMPSON and DARA SINGH,           )
                                         )   No. C06-1270RSL
                  Plaintiffs,            )
          v.                             )   ORDER GRANTING IN PART AND
                                         )   DENYING IN PART DEFENDANT
SAFETY-KLEEN SYSTEMS, INC., *et al.*,    )   SAFETY-KLEEN SYSTEMS, INC.'S
                                         )   MOTION TO COMPEL PLAINTIFF
                  Defendants.            )   SINGH
_____)

This matter comes before the Court on defendant Safety-Kleen Systems, Inc.'s ("Safety-Kleen") "Motion to Compel Plaintiff Singh to Answer Defendant Safety-Kleen Systems, Inc.'s First Set of Interrogatories and Requests for Production of Documents" (Dkt. #15). In its motion, defendant seeks "full and complete answers" to interrogatories 4, 8, 10, 11, and 12, and to defendant's requests for production 4, 5, 9, 11, 15, 16, 21, 34, 35, 36, and 37 from plaintiff Dara Singh "plaintiff." See Motion at 4; Dkt. #15-2. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Plaintiff responded to defendant's Interrogatory No. 4 requesting damage and loss calculations by stating: "[d]iscovery is ongoing and Plaintiff has not yet determined the amount of his damages claimed, nor has he determined each and every element of injury claimed" and that "[d]ocuments with regard to Plaintiff's wages and benefits are already in the possession of Defendant." See Dkt. #26-3, Ex. E. This response is insufficient. Part of plaintiff's damage

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL

claim includes recovery for back pay and front pay.  See Dkt. #1 (Complaint) at ¶5.1.1.  As part of the computation of damages required by Fed. R. Civ. P. 26(a)(1)(c) and defendant's Interrogatory No. 4, plaintiff should have provided some information relating to hours worked and pay rate.  See City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003) ("[T]he 'computation' of damages required by Rule 26(a)(1)(c) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate.").  Accordingly, plaintiff shall provide his assessment of damages in light of the information currently available to him in sufficient detail so as to enable defendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery.  See id.

(2) Plaintiff has not adequately responded to Interrogatory No. 8 because he failed to include information regarding his post-termination employment as requested by the interrogatory.  See Dkt. #26-3, Ex. E; Dkt. #16, Ex. F.  Accordingly, plaintiff is ordered to provide a response to Interrogatory No. 8 that includes the post-termination employment information requested.

(3) Plaintiff objected to the production of information under Interrogatory No. 10 until the entry of a protective order.  Now that the Court has entered the parties' stipulated protective order (Dkt. #14), plaintiff is ordered to produce the information requested by Interrogatory No. 10.  See Dkt. #26-3, Ex. E; Dkt. #16, Ex. F.

(4) Plaintiff has put his emotional distress damages at issue in this case.  See Dkt. #1 at ¶5.1.3.  Therefore, the Court finds the information requested by Interrogatory No. 11 appears reasonably calculated to lead to the discovery of admissible evidence, and plaintiff is ordered to produce a substantive response to this interrogatory.  See Fed. R. Civ. P. 26(b)(1); Dkt. #26-3, Ex. E; Dkt. #16, Ex. F.

(5) Plaintiff has failed to fully respond to Interrogatory No. 12, including whether he has

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL                    -2-

ever been a party-defendant in a lawsuit.  See Dkt. #26-3, Ex. E; Dkt. #16, Ex. F.  Accordingly, plaintiff is ordered to produce a complete response to this interrogatory.

(6) Plaintiff did not want to respond to Request for Production ("RFP") No. 4 until the entry of a protective order.  Now that the Court has entered the parties' stipulated protective order (Dkt. #14), plaintiff is ordered to produce the items requested by RFP No. 4.  See Dkt. #26-3, Ex. G; Dkt. #16, Ex. F.

(7) Plaintiff appears to have produced items subject to RFP No. 5.  See Dkt. #26-3, Ex. G (stating "See enclosures").  Defendant, however, has failed to articulate how plaintiff's response to RFP No. 5 is deficient.[1]  Accordingly, defendant's motion to compel a further response to RFP No. 5 is denied.

(8) Plaintiff did not want to respond to RFP No. 9 until the entry of a protective order.  Now that the Court has entered the parties' stipulated protective order (Dkt. #14), plaintiff is ordered to produce the items requested by RFP No. 9.  See Dkt. #26-3, Ex. G; Dkt. #16, Ex. F.

(9) Defendant's RFP No. 11 asked for "statements of any Defendant employee created during or after [plaintiff's] employment with Safety Kleen."  See Dkt. #26-3, Ex. G.  Plaintiff originally asserted that this request was overly broad, but has subsequently represented that he has produced to defendant the only written statement he has collected as bates-stamped document T&S 361.  Id.; Dkt. #26-3, Ex. Q.  In light of this representation, defendant has failed to articulate how plaintiff's response to RFP No. 11 is deficient.[2]  Accordingly, defendant's motion to compel a further response to RFP No. 11 is denied.

(10) Plaintiff appears to have produced items subject to RFP No. 15.  See Dkt. #26-3, Ex. G (stating "see enclosures").  Defendant, however, has failed to articulate how plaintiff's

---

[1] Notably, defendant failed to provide the Court with a reply in support of its motion to compel.

[2] See supra note 1.

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL                       -3-

response to RFP No. 15 is deficient.[3]  Accordingly, defendant's motion to compel a further response to RFP No. 15 is denied.

(11) The Court finds that plaintiff's objection to RFP No. 16, as not being reasonably calculated to lead to admissible evidence, is not warranted in this case and accordingly plaintiff is ordered to produce a substantive response to RFP No. 16.

(12) The Court finds that plaintiff's objection to RFP No. 21, as not being reasonably calculated to lead to admissible evidence, is not warranted in this case and accordingly plaintiff is ordered to produce a substantive response to RFP No. 21.

(13) Plaintiff did not want to respond to RFP No. 34 until the entry of a protective order. Now that the Court has entered the parties' stipulated protective order (Dkt. #14), plaintiff is ordered to produce the items requested by RFP No. 34.  See Dkt. #26-3, Ex. G; Dkt. #16, Ex. F.

(14) Plaintiff did not want to respond to RFP No. 35 until the entry of a protective order. Now that the Court has entered the parties' stipulated protective order (Dkt. #14), plaintiff is ordered to produce the items requested by RFP No. 35.  See Dkt. #26-3, Ex. G; Dkt. #16, Ex. F.

(15) The Court finds that plaintiff's objection to RFP No. 36, as not being reasonably calculated to lead to admissible evidence, is not warranted in this case and accordingly plaintiff is ordered to produce a substantive response to RFP No. 36.  See Dkt. #26-3, Ex. G.

(16) The Court finds that defendant has not supported a showing that RFP No. 37 for plaintiff's cell phone records is reasonably calculated to lead to the discovery of admissible evidence in this case.  Accordingly, defendant's motion to compel a further response to RFP No. 37 is denied.

For all of the foregoing reasons, defendant's "Motion to Compel Plaintiff Singh to Answer Defendant Safety-Kleen Systems, Inc.'s First Set of Interrogatories and Requests for

---

[3] See supra note 1.

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL                    -4-

Production of Documents" (Dkt. #15) is GRANTED IN PART and DENIED IN PART. Accordingly, defendant's request for attorney's fees and costs incurred as a result of its motion is DENIED. All responses required from plaintiff under this order shall be provided to defendant no later than 10 days from the date of the order.

DATED this 22nd day of May, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge