UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANCE THOMPSON and DARA SINGH,

Plaintiffs,

v.

SAFETY-KLEEN SYSTEMS, INC., *et al.*,

Defendants.

No. C06-1270RSL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S MOTION TO COMPEL PLAINTIFF THOMPSON

This matter comes before the Court on defendant Safety-Kleen Systems, Inc.'s ("Safety-Kleen") "Motion to Compel Plaintiff Thompson to Answer Defendant Safety-Kleen Systems, Inc.'s First Set of Interrogatories and Requests for Production of Documents" (Dkt. #19). In its motion, defendant seeks "full and complete answers" to interrogatories 4 and 10, and to defendant's requests for production 4, 9, 34 and 35 from plaintiff Lance Thompson "plaintiff." Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) In his supplemental response to defendant's Interrogatory No. 4 requesting damage and loss calculations, plaintiff outlined the methodology for calculating his damages and asserted that an economist expert would be required to calculate his damages for front and back pay. See Dkt. #26-3, Ex. I; Response at 3. In his second supplemental response to defendant's Interrogatory No. 4, plaintiff stated that he could not identify any additional documents

responsive to the request. See Dkt. #26-3, Ex. K. Given that plaintiff contends that he will use expert testimony to calculate his front pay and back pay damages, these amounts and calculations are controlled by the Fed. R. Civ. P. 26(a)(2) deadline for disclosure of expert reports, which in this case was May 9, 2007. See Dkt. #12 (setting May 9, 2007 as the deadline for expert witness reports); Moore's Federal Practice § 26.22[4][c][ii] (2007) ("Under such circumstances, the disclosing party's obligation to disclose the method of calculating damages would be controlled by the expert testimony disclosure rules."). Accordingly, if plaintiff intends to use expert testimony to support his damage calculation, this information should have been disclosed to defendant on or prior to May 9, 2007. If plaintiff is not using expert testimony to support his damage claim, plaintiff shall provide his assessment of damages in light of the information currently available to him in sufficient detail so as to enable defendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery. See City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003).

(2) In his second supplemental response to defendant's Interrogatory No. 10, plaintiff provided a complete response. See Dkt. #26-3, Ex. K; Response at 3. Defendant has failed to articulate how plaintiff's response to Interrogatory No. 10 is deficient.[1] Accordingly, defendant's motion to compel a further response to Interrogatory No. 10 is denied.

(3) Plaintiff appears to have produced items subject to Request for Production ("RFP") No. 4. See Dkt. #26-3, Ex. L (stating "See enclosures. To the best of his knowledge, Mr. Thompson possesses no additional documents responsive to this request."). Defendant has failed to articulate how plaintiff's response to RFP No. 4 is deficient.[2] Accordingly, defendant's

---

[1] Notably, defendant failed to provide the Court with a reply in support of its motion to compel.

[2] See supra note 1.

motion to compel a further response to RFP No. 4 is denied.

(4) Plaintiff appears to have produced items subject to RFP No. 9. See Dkt. #26-3, Ex. L (stating "To the best of his knowledge, Mr. Thompson possesses no additional documents responsive to this request."). Defendant has failed to articulate how plaintiff's response to RFP No. 9 is deficient.[3] Accordingly, defendant's motion to compel a further response to RFP No. 9 is denied.

(5) Plaintiff appears to have produced items subject to RFP No. 34. See Dkt. #26-3, Ex. L (stating "See enclosures. To the best of his knowledge, Mr. Thompson possesses no additional documents responsive to this request."). Defendant has failed to articulate how plaintiff's response to RFP No. 34 is deficient.[4] Accordingly, defendant's motion to compel a further response to RFP No. 34 is denied.

(6) Plaintiff appears to have produced items subject to RFP No. 35. See Dkt. #26-3, Ex. L (stating "See enclosures. To the best of his knowledge, Mr. Thompson possesses no additional documents responsive to this request."). Defendant has failed to articulate how plaintiff's response to RFP No. 35 is deficient.[5] Accordingly, defendant's motion to compel a further response to RFP No. 35 is denied.

For all of the foregoing reasons, defendant's "Motion to Compel Plaintiff Thompson to Answer Defendant Safety-Kleen Systems, Inc.'s First Set of Interrogatories and Requests for Production of Documents" (Dkt. #19) is GRANTED IN PART and DENIED IN PART. Accordingly, defendant's request for attorney's fees and costs incurred as a result of its motion is DENIED. All responses required from plaintiff under this order shall be provided to

---

[3] Id.

[4] Id.

[5] Id.

defendant no later than 10 days from the date of the order.

DATED this 22nd day of May, 2007.

Robert S. Lasnik
United States District Judge