UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
LANCE THOMPSON and DARA SINGH, )
  )  No. C06-1270RSL
          Plaintiffs, )
  )  ORDER GRANTING IN PART
     v. )  AND DENYING IN PART
  )  DEFENDANTS' MOTION FOR
SAFETY-KLEEN SYSTEMS, INC., *et al.*, )  SANCTIONS AGAINST PLAINTIFF
  )  SINGH
          Defendants. )
_____)

This matter comes before the Court on "Defendants' Motion for Sanctions Against Plaintiff Singh" (Dkt. #44). In their motion, defendants request dismissal of plaintiff Singh's action with prejudice and an award of attorney's fees and costs because of plaintiff's failure to attend his deposition on June 7, 2007 and because plaintiff allegedly failed to fully and timely respond to defendants' discovery requests. Plaintiff opposes the motion for sanctions contending that he failed to attend his deposition due to a medical condition and served his complete discovery responses to defendants on-time. See Dkt. #72. Defendants did not file a reply in support of their motion.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and the remainder of the record, the Court finds as follows:

1. On April 20, 2007, defendants' counsel noticed plaintiff's deposition for June 5, 2007. See Dkt. #45 (Glassman Decl.), Ex. A. By agreement, plaintiff's deposition was

ORDER GRANTING IN PART AND
DENYING IN DEFENDANTS' MOTION
FOR SANCTIONS

rescheduled for June 7, 2007, and counsel for defendants provided an amended notice of deposition. <u>Id.</u> at Exs. B and C. On July 7, 2007, plaintiff failed to appear for his deposition. At the time scheduled for plaintiff's deposition, counsel for plaintiff stated that he received a phone call from plaintiff on the evening of July 6, 2007 confirming plaintiff's attendance at his deposition on July 7, 2007. <u>Id.</u> at Ex. D. Counsel for plaintiff attempted to contact plaintiff on July 7, 2007, but was unable to reach him. <u>Id.</u> Plaintiff states that on the evening of July 6, 2007 he did confirm with his attorney that he would attend the July 7, 2007 deposition, but "[b]ecause of intense anxiety the morning of June 7, I was unable to attend." <u>See</u> Dkt. #72 (Singh Decl.) at ¶4.

2. Federal Rules of Civil Procedure "Rule 37(d) allows the district court to impose sanctions, including payment of expenses, on a party who fails to appear for his own deposition after receiving proper notice." <u>Lew v. Kona Hosp.</u>, 754 F.2d 1420, 1426 (9th Cir. 1985). Under Rule 37(d), "If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . [i]n lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." As the Advisory Committee Notes to Rule 37(d) provide, the failure to appear need not be "willful," and "even a negligent failure should come with Rule 37(d)." <u>See</u> <u>Lew</u>, 754 F.2d at 1126.

3. Here, the Court finds that plaintiff's representation that he had "intense anxiety" the morning of June 7, 2007, without more, does not show substantial justification for his failure to attend his deposition. Plaintiff's deposition had already been rescheduled and plaintiff had proposed June 7, 2007 as the date for his deposition. <u>See</u> Dkt. 43, Ex. B. Accordingly, defendants' reasonable expenses related to plaintiff's failure to appear for his deposition and the

ORDER GRANTING IN PART AND
DENYING IN DEFENDANTS' MOTION
FOR SANCTIONS                      -2-

filing of this motion for sanctions shall be awarded against plaintiff Singh.  The Court, however, declines to impose sanctions against plaintiff's counsel or the harsh sanction of dismissal in this case.  See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

       4.   On May 22, 2007, the Court ordered plaintiff to provide, among other things, a substantive response to defendant Safety-Kleen Systems, Inc.'s Interrogatory No. 11 and items requested by defendant's Request for Production No. 9 no later than 10 days from the date of the Order.  See Dkt. #31.  Plaintiff produced responses as required by the Court's May 22, 2007 Order to defendants on June 6, 2007.  See Dkt. #45 at Ex. E.  The Court finds that plaintiff's response was timely under the Fed. R. Civ. P. 6 and that plaintiff adequately complied with the discovery requests and the Court's Order.  See Dkt. #72 (Breskin Decl.) at Exs. 1, 2.  Accordingly, the Court denies defendants' request to impose sanctions based on the alleged failure to comply with the Court's May 22, 2007 Order.

       For all of the foregoing reasons, defendants' motion for sanctions is GRANTED IN PART and DENIED IN PART.  Defendants shall submit, within 10 days from the date of this Order, a statement of their reasonable expenses associated with plaintiff Singh's failure to appear for his deposition and the expenses associated with bringing this motion.  Plaintiff Singh may file and serve an opposition to the reasonableness of the expenses within 7 days from the date of defendants' application for expenses.  No other submissions will be considered.

       DATED this 28th day of August, 2007.

                                            */s/ Robert S. Lasnik*
                                            Robert S. Lasnik
                                            United States District Judge